**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Janice Yost and
Christian Yost

    v.                     Case No. 11-cv-48-LM

US Airways, Inc.


**O R D E R**


    Janice and Christian Yost have sued US Airways, Inc. in four counts for injuries Janice allegedly sustained when she slipped in a puddle of liquid and fell while boarding a US Airways passenger plane.  Specifically, plaintiffs assert claims for: negligence (Count I), violation of the New Hampshire Consumer Protection Act (Count II), negligence per se (Count III),[1] and loss of consortium (Count IV).  Before the court is US Airways' motion to dismiss Counts II and III.  Plaintiffs object.  For the following reasons, US Airways' motion to dismiss is granted.

**The Legal Standard**

    A motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), requires

---

[1] While Count III is titled "Violation of Federal Aviation Regulations," plaintiffs have subsequently explained that the claim they are asserting therein is for negligence per se.

the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). That is, the complaint "must contain 'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the claims." Fantini v. Salem State Coll., 557 F.3d 22, 26 (1st Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When considering a motion to dismiss under Rule 12(b)(6), a trial court "accept[s] as true all well-pled facts in the complaint and draw[s] all reasonable inferences in favor of plaintiffs." Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011) (quoting SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010)). But, "naked assertions devoid of further factual enhancement need not be accepted." Plumbers' Union, 632 F.3d at 771 (1st Cir. 2011) (quoting Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009)). Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" United Auto., Aero., Agric. Implement Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 41 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

2

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." United Auto. Workers, 633 F.3d at 40 (citation omitted).  On the other hand, a Rule 12(b)(6) motion should be granted if "the facts, evaluated in [a] plaintiff-friendly manner, [do not] contain enough meat to support a reasonable expectation that an actionable claim may exist." Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) (citations omitted).  That is, "[if] the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Plumbers' Union, 632 F.3d at 771 (citation omitted).

## Background

The relevant facts, drawn from plaintiffs' complaint, are as follows.  While boarding a US Airways flight in Philadelphia, Pennsylvania, Janice Yost ("Yost") was greeted by a flight attendant who was standing in the vestibule/galley area of the plane, in a puddle of liquid.  The flight attendant's greeting diverted Yost's attention from the surface on which she was walking.  As a consequence, Yost stepped in the puddle, slipped, fell, and broke her hip.  This suit followed.

3

**Discussion**

US Airways moves to dismiss Counts II on grounds that plaintiffs have not alleged any conduct on its part that is proscribed by the New Hampshire Consumer Protection Act ("CPA"). It moves to dismiss Count III on grounds that the federal aviation regulation cited in Count III does not provide a private right of action.  The court considers each cause of action in turn.

A. Count II

In Count II of their complaint, plaintiffs assert the following claim:

> Pursuant to R.S.A. 358-A Defendant engaged in the following unfair or deceptive acts including but not limited to, passing off goods or services as those of another; caused likelihood of confusion or misunderstanding as to the source of services; represented services as having characteristics, ingredients, uses, and benefits that they did not have; represented that services were of a particular standard, quality or grade that they did not possess; advertised services with the intent not to deliver them; and advertised services with the intent not to supply reasonably expectable public demand, by indicating to the public that its aircraft were safe and devoid of hazardous conditions.

Compl. ¶ 28.

US Airways argues that Count II should be dismissed because: (1) this case is nothing more than an ordinary negligence action; (2) plaintiffs have failed to allege the level of rascality necessary to state a claim under the CPA; and (3) plaintiffs have

4

failed to allege how US Airways made any of the misrepresentations on which Count II is based.  Plaintiffs counter that the rascality test is met by their allegation that the US Airways flight attendant who greeted Yost did so while standing in the puddle of liquid that caused Yost to lose her footing.  In response to US Airways' argument about the insufficiency of the allegations concerning representations about the safety of its aircraft, plaintiffs assert that "it is common knowledge that [t]he Defendant in its web-based advertising and marketing along with its print and electronic media advertising and marketing repeatedly emphasizes the safety of its aircraft."  Pls.' Obj. (doc. no. 9) ¶ 5.  On that basis, plaintiffs ask the court either to take judicial notice of US Airways' advertising, or to allow them to amend their complaint.

To the extent that Count II is based on passing off or likelihood of confusion, it must obviously be dismissed for lack of facial plausibility.  See United Auto. Workers, 633 F.3d at 40. The claims based on US Airways' representations and/or advertising fare no better.  Plaintiffs identify no actual representations by US Airways that it would prove at trial to support Count II's vague statement about US Airways' indications of safety.  See Plumbers' Union, 632 F.3d at 771 (noting that meager and vague factual allegations are proper grounds for dismissal).  Plaintiffs tacitly acknowledge as much in their objection to US Airways' motion to dismiss, by asking the court to take judicial notice of the content

of US Airways' advertising.  The lone reference to conduct by US
Airways in Count II, that US Airways indicated to the public that
its planes were safe and devoid of hazardous conditions, is much
more a label or conclusion than a factual allegation.  See id.
(noting that conclusory allegations are proper grounds for
dismissal); United Auto. Workers, 633 F.3d at 41 (explaining that
pleadings offering "labels and conclusions . . . will not do").
When the vague and conclusory factual allegation in Count II is
disregarded, nothing remains of the claim stated therein other than
the kind of "formulaic recitation of the elements of a cause of
action," id., that is insufficient to state a claim under the
standard articulated in Iqbal.

     Based on the sufficiently specific factual allegations
elsewhere in the complaint, viewed in the most plaintiff-
friendly way, plaintiffs have also failed to state a CPA claim.
Plaintiffs have alleged that US Airways allowed Yost to board a
plane when it was unsafe to do so, because of its slippery wet
floor.  Allowing a customer to enter an unsafe commercial
premises is not one of the acts proscribed by RSA 358-A:2.  Nor
is that act "of the same type as that proscribed in the
enumerated categories." State v. Sideris, 157 N.H. 258, 262
(2008) (citing State v. Moran, 151 N.H. 450, 452 (2004)).  That
is because there is nothing unfair or deceptive about the
conduct plaintiffs allege.  Without an allegation of unfair or

deceptive conduct, it is not necessary even to address the issue of rascality, a standard that "requires the plaintiff to show 'that the defendant's acts attained a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce.'" Beer v. Bennett, 160 N.H. 166, 171 (2010) (quoting Hair Excitement, Inc. v. L'Oreal U.S.A., Inc., 158 N.H. 363, 370 (2009)).  In sum, the conduct adequately alleged in plaintiffs' complaint is insufficient to state a claim under the CPA.

Plaintiffs' adequately alleged facts state a claim for negligence.  The New Hampshire Supreme Court has repeatedly held that "[t]he CPA does not supply a remedy for 'an ordinary breach of contract claim.'" Beer, 160 N.H. at 171 (quoting Milford Lumber Co. v. RCB Realty, Inc., 147 N.H. 15, 19 (2001)); see also McNeal v. Lebel, 157 N.H. 458, 469-70 (2008) (quoting Barrows v. Boles, 141 N.H. 382, 390 (1996)).  And, in McNeal, the Supreme Court affirmed the trial court's ruling that "routine contract and negligence issues," id. at 469 (emphasis added), did not fall within the ambit of the CPA.  In so doing, the court left undisturbed the trial court's extension of Barrows to cover tort claims.  Thus, this court is confident that tort claims, like contract claims, are not cognizable under the New Hampshire Consumer Protection Act.

Because plaintiffs' allegations concerning US Airways' alleged misrepresentations about safety are insufficient, and the remaining sufficiently alleged facts do not state a claim under the CPA, US Airways is entitled to dismissal of Count II.

B. Count III

Count III is plaintiffs' claim that US Airways violated 14 C.F.R. § 91.13 by operating the aircraft on which Yost slipped and fell in a careless or reckless manner.  US Airways argues that Count III should be dismissed because the regulation on which it is based does not provide a private right of action. In their objection to US Airways' motion to dismiss, plaintiffs clarify that they are not making a claim under 14 C.F.R. § 91.13, but, rather, are using that regulation as a basis for a claim of negligence per se.  That clarification is insufficient to save Count III.

According to the New Hampshire Supreme Court, "[w]hen an action exists at common law, the negligence per se doctrine may define the standard of conduct to which a defendant will be held as that conduct required by a particular statute, either instead of or as an alternative to the reasonable person standard." Mahan v. N.H. Dep't of Admin. Servs., 141 N.H. 747, 754 (1997) (citing Marquay v. Eno, 139 N.H. 708, 713 (1995)).  The regulation on which plaintiffs rely provides:

> No person may operate an aircraft, other than for the
> purpose of air navigation, on any part of the surface
> of an airport used by aircraft for air commerce
> (including areas used by those aircraft for receiving
> or discharging persons or cargo), in a careless or
> reckless manner so as to endanger the life or property
> of another.

14 C.F.R. § 91.13.  The problem with plaintiffs' invocation of

the negligence per se doctrine is that the regulation on which

they rely simply does not establish a standard of conduct.  Cf.

Mahan, 141 N.H. at 755 (affirming trial court's determination,

in negligence action, that standard of care could be established

by state statute requiring, among other things, that a person

employing another to clean a building must furnish certain

safety equipment).  Because 14 C.F.R. § 91.13 does nothing more

than proscribe negligence, and does not identify any particular

standard of care appropriate to the circumstances of this case,

plaintiffs have failed to state a claim for negligence per se

based on that regulation.  Accordingly, US Airways is entitled

to dismissal of Count III.

### Conclusion

For the reasons given, US Airways' motion to dismiss Counts

II and III, doc. no. 7, is granted, without prejudice to

plaintiffs' filing an amended complaint that addresses the

deficiencies in their CPA claim.  As plaintiffs consider whether

or not to do so, they would be well advised to examine Judge

DiClerico's decision in <u>Evans v. Taco Bell Corp.</u>, in which he held that a consumer's "expectation" of product quality "based, in large part, on representations made by Taco Bell in its national, regional and local advertising promoting the quality of Taco Bell restaurants generally and their food in particular" relied on too "vague [an] account of the content of Taco Bell's advertising [to] support a Consumer Protection Act claim based on Taco Bell's allegedly false statements," No. Civ. 04CV103JD, 2005 WL 2333841, at *12 (D.N.H. Sept. 23, 2005) (citing <u>Clorox Co. P.R. v. Proctor & Gamble Commercial Co.</u>, 228 F.3d 24, 38 (1st Cir. 2000) (noting that puffery cannot support false advertising claim); <u>Kalik v. Abacus Exch., Inc.</u>, No. Civ. 99-421-M, 2001 WL 1326581, at *8-*9 (D.N.H. Oct. 19, 2001) (granting summary judgment against RSA 358-A:2 claim premised on misrepresentation in absence of evidence of any material misstatement).

        SO ORDERED.

                                        _____
                                        Landya McCafferty
                                        United States Magistrate Judge

Dated:  May 2, 2011

cc:  Kristyn M. Dery, Esq.
     John E. Lyons, Jr., Esq.
     Michele Carlucci Sears, Esq.